**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| MICHAEL A. HEGWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-2022 |
| | ) | |
| SGT. MOORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Prisoner Complaint 42 U.S.C. 1983 (DE #1); and (2) Request for Service of Process by United States Marshal's Service (DE #3), both filed by Plaintiff, Michael A. Hegwood, a *pro se* prisoner, on November 12, 2014. For the reasons set forth below, the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A and the request for service of process (DE #3) is **DENIED AS MOOT**.

BACKGROUND

Plaintiff, Michael A. Hegwood, is currently incarcerated at the Miami Correctional Facility ("Miami") and has filed suit against Defendants, Sgt. Moore, Major Hale and Supt. Sevier. According to the complaint, sometime in November 2012, Sgt. Moore tossed a tray full of food through the dish tank where Plaintiff was working. The food on the tray hit his left eye, causing pain

and blurry vision. Sgt. Moore then came into the dish tank and announced, "I threw that tray in here. I don't care if your mama comes to that window, no food is to come out of that window." (DE 1, p. 3.)

Plaintiff filled out an injury/incident report and was sent to the infirmary. After several eye examinations, Plaintiff's vision in his left eye is still distorted.

Plaintiff informed Major Hale and Supt. Sevier of Sgt. Moore's actions, but they did nothing in response. In fact, Plaintiff alleges Supt. Sevier denied him the right to file a grievance about the incident. Plaintiff further asserts that both Major Hale and Supt. Sevier knew about Sgt. Moore's prior aggressive acts at the prison and did nothing to prevent what happened in this case.

DISCUSSION

Standard of Review

The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs*., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff brings an Eighth Amendment claim against Sgt. Moore due to his tossing of the food tray, which resulted in Plaintiff's injury. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id*.

On the subjective prong, the inmate must show the defendant acted with deliberate indifference to his health or safety. *Id*. This includes the "unnecessary and wanton infliction of pain" upon prisoners by prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296 (1991). Thus, to state a constitutional violation against a prison officer, a plaintiff must show that he acted "maliciously and sadistically for the very purpose of causing harm." *Id*. Indeed, "negligence or even gross negligence is not enough; rather

the plaintiffs must show the actual intent or deliberate indifference on the part of state actors in order to make out an eighth amendment claim." *James v. Milwaukee Co.*, 956 F.2d 696, 699 (7th Cir. 1992).

Here, the allegations of the complaint fall short of an Eighth Amendment violation. As explained above, simply because Plaintiff was injured by Sgt. Moore's conduct does not necessarily lead to a constitutional violation. Because there is nothing in the complaint to suggest, or plausibly infer, that Sgt. Moore tossed the tray through the dish tank "maliciously and sadistically for the very purpose of causing harm to Hegwood," there is no viable Eighth Amendment claim. *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005)(noting that even if a prisoner suffers an objectively serious injury at the hand of an officer, a constitutional claim can not be stated unless that injury was due to the officer "maliciously or sadistically caus[ing] harm."). While tossing the tray through the dish tank was unquestionably a poor decision - one that ultimately led to Plaintiff's injury- it can be characterized as nothing more than gross negligence, which does not rise to an Eighth Amendment claim. *James*, 956 F.2d at 699.

Plaintiff next claims that because Supt. Sevier and Major Hale knew of Sgt. Moore's history of aggression and did nothing about it, they are responsible for failing to protect him in this case under the Eighth Amendment. A prison official will be held liable

4

for failing to protect an inmate only if his deliberate indifference to the prisoner's welfare "effectively condones the attack by allowing it to happen." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id.* Negligent or even grossly negligent behavior by the defendant does not suffice. *Grieveson*, 538 F.3d at 777.

There are no allegations that either Supt. Sevier or Major Hale had any actual knowledge Sgt. Moore was going to toss the tray into the dish tank. Indeed, Plaintiff, himself, was surprised by the incident. Because the tossing of the tray was an unforeseen event, there can be no liability for failure to protect against it. *Santiago*, 599 F.3d at 756.

Plaintiff next claims Supt. Sevier and Major Hale failed to properly investigate the tray tossing incident. Plaintiff does not allege, nor is it reasonable to infer from the complaint, that either of these officials played a direct role in the tray tossing incident. Instead, he brings suit against them for not taking any action against Sgt. Moore after Plaintiff notified them of the incident. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own

5

misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). As the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Id.* at 595.

Nothing in the complaint indicates that Supt. Sevier or Major Hale did anything to cause or exacerbate Plaintiff's injury. Therefore, this claim cannot be maintained.

Lastly, Plaintiff claims Supt. Sevier denied him the right to file a grievance regarding Sgt. Moore tossing the tray and causing his eye injury. Although Plaintiff does not detail this in his complaint, it is of no consequence. Prison grievance procedures "do not give rise to a liberty interest protected by the Due Process Clause." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As a result, his complaints about the grievance process do not state a constitutional claim. *Owens v. Hinsley*, 635

6

F.3d 950, 953 (7th Cir. 2011).

As a final note, because Hegwood has no plausible claim, his request for service of process is **DENIED AS MOOT**.

CONCLUSION

For the reasons set forth above, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A and the request for service of process (DE #3) is **DENIED AS MOOT**.

**DATED: December 9, 2014**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**